IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONY C. BENNETT,)
)
Plaintiff,)
)
v.)
) Civil Action No. 07-91J
CAPTAIN D. BENNETT, et al.,) Judge Gibson
) Magistrate Judge Caiazza
)
Defendants.)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by the Defendants (Doc. 35) be granted, and that the Plaintiff's Motion to Amend the Complaint (Doc. 39) be denied; it is also recommended that the Court decline to exercise pendent jurisdiction over the Plaintiff's state law claims.

### II. REPORT

Tony C. Bennett ("Bennett" or "the Plaintiff") is a prisoner currently incarcerated in the United States Penitentiary at Canaan, located in Waymart, Pennsylvania. Bennett asserts that his constitutional rights were violated in several respects while he was incarcerated at Moshannon Valley Correctional Center located in Clearfield County, Pennsylvania ("MVCC"). He also raises several state law claims. MVCC is a private prison

operated by Defendant Cornell Companies, Inc., ("Cornell") and the individual Defendants are all employees of Cornell. While at MVCC, Bennett was a federal prisoner being housed under a contract between Cornell and the Federal Bureau of Prisons.

This is civil rights action by a federal prisoner which must, necessarily, proceed pursuant to the implied cause of action recognized in <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Defendants move to dismiss the Complaint on the basis that they are private individuals, and a private corporation, and not government employees to whom <u>Bivens</u> actions are applicable. The Plaintiff has responded to the Motion, and it is ripe for disposition.

## A. **The Applicable Standard**

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. <u>Hishon v. Spalding</u>, 467 U.S. 69, 73 (1984); <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in <u>Bell Atlantic Corporation v. Twombly</u>. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in <u>Conley v. Gibson</u>, 355 U.S. 41, (1957); *i.e.*, "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Bennett asserts liability against the Defendants pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which permits suits against federal agents which mirror those filed against state actors pursuant to 42 U.S.C. §1983. To state a claim under Bivens, Bennett must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a **federal agent**; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Id.

## B. **The Analysis**

The Court of Appeals for the Third Circuit has not, to date, addressed the issue of whether a Bivens action may be brought against a private company operating a federal prison, or whether such a claim may be brought against that private company's employees. This court, however, is persuaded by the reasoning set out by the Fourth Circuit Court of Appeals in Holly v. Scott, 434 F.3d 287 (4th Cir.), cert. denied, 126 S.Ct. 2333 (2006)[1].

---

1. But see, Peoples v. CCA Detention Centers, 449 F.3d 1097 (10th Cir. 2006)(district court has jurisdiction over Bivens claim against private corporation).

The Fourth Circuit Court followed the Supreme Court's opinion in Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), which reasoned that the purpose of Bivens is only "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy." Malesko, 534 U.S. at 70. The Fourth Circuit Court added that the plaintiff had an adequate state court remedy available to him and declined to extend Bivens. This reasoning is consistent with the Supreme Court's most recent statements concerning the extension of Bivens claims. Wilkie v. Robbins, ___ U.S. ___, 127 S.Ct. 2588, 2598 (2007) (citations omitted)("We have seen no case for extending Bivens to claims against . . . private prisons.").

Here, the same result is applicable. That said, the Plaintiff may pursue the state law claims he raises here in the state courts. That remedy being available, there is no need to "create" a Bivens action.

Further, since there is no basis for federal jurisdiction, Bennett's pendent state law claims against the Defendants must also be dismissed. After all of the claims with an independent basis of federal jurisdiction have been dismissed, a District Court has discretion with respect to the exercise of jurisdiction over pendent state law claims. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006). Here, this court lacks jurisdiction over the

Plaintiff's federal claims and the pendent state law claims should be dismissed. See Seamon v. Algarin, 2007 WL 2404732 (E.D.Pa. 2007)(dismissing Section 1983 claims, and declining to exercise pendent jurisdiction over state law medical malpractice claims).

Finally, Bennett moves to amend his Complaint to state a Federal Tort Claims Act ("FTCA") claim against the United States for the allegedly negligent medical care he received while at MVCC. While the FTCA waives the United States' sovereign immunity for suits arising from any injury "caused by the negligent or wrongful act or omission [of any] of [its] employee[s] ... while acting within the scope of his office or employment," its definition of "employee" specifically excludes "any contractor with the United States." See 28 U.S.C. § 1346(b)(1) and 28 U.S.C. ¶ 2671. The Supreme Court has interpreted this provision to expressly preclude the United States from being held liable for the negligence of its independent contractors. United States v. Orleans, 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). See, also, Roditis v. United States, 122 F.3d 108, 111 (2d Cir.1997); Dyer v. United States, 96 F.Supp.2d 725, 732 (E.D.Tenn.2000). Since a claim against the government for the negligence of its independent contractors "falls outside the FTCA's provisions, the claim is barred by the Government's

sovereign immunity." Berghoff v. United States, 737 F.Supp. 199, 201 (S.D.N.Y.1989). Hence, a claim against the United States for the actions of a contract provider cannot form the basis of an FTCA claim and, accordingly, the proposed amendment would be futile. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983)(leave to amend complaint may be denied on the basis of futility of amendment).

C. **Summary**

It is respectfully recommended that the Motion to Dismiss filed by the Defendants (Doc. 35) be granted, and that the Plaintiff's Motion to Amend the Complaint (Doc. 39) be denied; it is also recommended that the Court decline to exercise pendent jurisdiction over the Plaintiff's state law claims.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 19, 2008.

March 3, 2008
          s/Francis X. Caiazza
          Francis X. Caiazza
          United States Magistrate Judge

cc:
TONY C. BENNETT
01021-103
USP Canaan
P.O. Box 300
Waymart, PA 18472